IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America ex rel. | ) | |
| ANTOINE KEMP | ) | |
| | ) | |
| Petitioner, | ) | No. 08 C 6280 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| TERRY McCANN, | ) | |
| Warden Stateville Correction Center, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Antoine Kemp filed an amended pro se petition for habeas corpus relief pursuant to the Anti-Terrorism and Effective Death Penalty Act ("ADEPA"), 28 U.S.C. § 2254, seeking to overturn his conviction for first degree murder and attempted murder.  Respondent has filed the instant motion to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A).[1]  For the reasons discussed below, the court grants respondent's motion and dismisses the petition.

## FACTS

Petitioner Antoine Kemp is incarcerated at Stateville Correctional Center in Joliet, Illinois.  On May 16, 1997,  in the Circuit Court of Cook County, Illinois, a jury found petitioner guilty of first degree murder and attempted murder, for which he later received consecutive sentences of 60 and 20 years, respectively.  Petitioner appealed the conviction, which was affirmed by the Illinois Appellate Court on December 21, 1999.  The appellate court remanded to

---

[1] Petitioner properly named Warden Terry McCann as respondent in his petition for habeas corpus relief.  Since petitioner's filing, Frank Shaw has assumed the duties of warden of that facility and is now the correct respondent.

the trial court ordering it to impose concurrent, rather than consecutive, sentences.  On February 10, 2000, the trial court resentenced petitioner to 60- and 20-year sentences to be served concurrently.  Petitioner did not appeal to the state supreme court, or otherwise challenge his conviction in any state collateral proceeding.

Petitioner filed the instant habeas petition with this court on November 19, 2008.

## DISCUSSION

Respondent has moved to dismiss the petition as untimely under 28 U.S.C. § 2244(d).  Section 2244(d)(1) of AEDPA imposes a one-year statute of limitations on petitions for habeas corpus relief filed under 28 U.S.C. § 2254.  Section 2244(d)(1) provides that the limitation period shall run from the latest of:

(a)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(b) the date on which a state-created impediment to filing that was either unconstitutional or in violation of the laws of the United States was removed;

(c) the date on which a new constitutional right was recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner does not allege a state-created impediment to filing, a newly recognized constitutional right, or a discovery of a factual predicate of a claim.  The applicable date for purposes of evaluating petitioner's motion, therefore, is the date on which his conviction became final.  In the instant case, petitioner had 30 days in which to appeal the trial court's resentencing order of February 10, 2000.  He did not appeal, and the judgement became final on March 12, 2000.  Accordingly, the limitation period began to run on March 12, 2000, and expired one year

later on March 12, 2001.  Petitioner did not file the instant petition for habeas corpus relief until November 15, 2008, more than seven years after the expiration of the limitations period. ADEPA further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the one-year statute of limitations.  28 U.S.C. § 2244(d)(2).  In the instant case, petitioner did not file a petition for post-conviction relief, and thus his conviction became final on March 12, 2000.

In addition, there are no "extraordinary circumstances" here that would justify equitable tolling of the limitations period. To be entitled to equitable tolling, petitioner must establish that: (1) he has been pursuing his rights diligently; and (2) extraordinary circumstances beyond his control stood in the way of the timely filing of his petition.  Modrowski v. Mote, 322 F.3d 965, 967 (7th Cir. 2003).  Petitioner did not pursue his rights diligently.  Instead, he failed to pursue collateral or post-conviction relief after his resentencing, and waited more than seven years to pursue the instant habeas corpus petition. Additionally, petitioner offers no allegations of extraordinary circumstances that prevented him from filing his petition in a timely manner.

Because the instant petition was filed seven years late, and because petitioner is not entitled to equitable tolling, the court grants the respondent's motion to dismiss the petition as barred by the statute of limitations.

## CONCLUSION

For the reasons discussed above, the court grants respondent's motion to dismiss the petition as untimely. Petitioner's motion for writ of habeas corpus ad prosequendum and motion for appoint of counsel are denied as moot.

**ENTER:** **April 23, 2009**

**Robert W. Gettleman**
**United States District Judge**